## PROMISSORY NOTE

**THIS IS A BALLOON NOTE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $45,000.00 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER TERMS OF THIS MORTGAGE.**

$45,000.00                                                                                                  Clearwater, Florida
                                                                                                            December 13, 2010

For value received, the undersigned, GARY B. WENCE, ("Borrower"), promises to pay to the order of RANDALL M. SHERMAN, as Trustee of the RANDALL M. SHERMAN Trust dated 2/17/09, ("Lender"), the principal sum of Forty Five Thousand and 00/100 Dollars ($45,000.00), together with interest at the rate of twelve per cent (12.00%) per annum on the principal balance remaining unpaid from time to time, on the date and in the following manner:

**Payments.** Principal and interest shall be due and payable and shall be paid to Lender at 3380 Leprechaun Lane, Palm Harbor, FL 34683 or at such other place as the Lender may designate from time to time as follows:

(a) 1) Monthly payments of interest only shall be paid in 35 equal monthly installments in the amount of $450.00 each, commencing on February 1, 2011 and continuing on the same day of each succeeding month thereafter through and including December 1, 2013.

2) Thereafter, one principal and interest payment ("Final Payment") in the estimated amount of $45,450.00 shall be paid on January 1, 2014, (the "Maturity Date"). This estimated final payment is based on the assumption that all payments will be made exactly as scheduled; the actual Final Payment will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under this Note.

(b) All indebtedness evidenced hereby (whether unpaid principal, accrued interest or otherwise) that remains unpaid shall be due and payable and shall be paid on January 1, 2014.

(c) Each installment shall be credited first on account of the interest then accrued on said principal remaining unpaid and then in reduction of said unpaid principal.

**Late Charge.** Any installment not received within ten (10) days of when due shall be subject to, and it is agreed that the Lender shall collect thereon, a "late charge" equal to ten percent (10.0%) of such delinquent installment. Said "late charge" shall be immediately due and payable and shall be paid by the Borrower without notice or demand from the Lender.

**Prepayment.** In the event of prepayment, in whole or in part, a prepayment penalty rate shall be assessed as follows: If the prepayment occurs on or before the first anniversary date of the loan, the prepayment penalty will equal FIVE (5%) percent of the principal amount prepaid. Prepayment penalty shall not apply if the prepayment occurs after the first anniversary date.

Page 1 of 3



**Interest Limitation.** Interest payable under this Note or any other payment which would be considered as interest or other charge for the use or loan of money shall never exceed the highest rate allowed by law applicable to this loan to be charged by Lender. If the interest or other charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such interest or loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from Borrower which exceeded permitted limits will be refunded. The Lender may choose to make this refund by reducing the principal owed under this Note or by making a direct payment to Borrower.

**Consent and Waiver.** Each Obligor (which term is defined as each Borrower, guarantor, endorser, and all others who may become liable for all or any part of the obligations evidenced hereby) does hereby, jointly and severally: (a) consent to any forbearance or extension of the time or manner of payment and performance hereof and to the release of all or any part of any security held by the Lender to secure payment of this Note and to the subordination of the lien of the mortgage and any other instrument of security securing this Note as to all or any part of the property encumbered thereby, all without notice to or consent of that party; (b) agree that no course of dealing, delay, omission, or forbearance on the part of the Lender in exercising or enforcing any of its rights or remedies hereunder or under any instrument securing this Note shall impair any of the Lender's rights and remedies hereunder, and that the Lender may modify the time and manner of payment and performance of this Note and any instrument securing this Note, may grant forbearance and may release, wholly or partially, any security for this Note and release, partially or wholly, any Obligor, all without notice to or consent by any Obligor, and without thereby releasing, or diminishing its rights and remedies against any Obligor; and (c) waive notice of acceptance of this Note, notice of the occurrence of any default hereunder or under any instrument securing this Note and presentment, demand, protest, notice of dishonor and notice of protest and notices of any action at any time taken or omitted in connection with this Note or any instrument securing this Note.

**Events of Default.** The happening of any of the following events shall constitute a default hereunder: (a) failure of any Obligor to pay any sums required hereunder when due; or (b) a default shall occur in any instrument securing this Note or in any other instrument executed in connection with the loan evidenced hereby.

**Acceleration.** If a default occurs hereunder and remains uncured for ten (10) days or more, then at the option of the Lender the entire principal sum then remaining unpaid and accrued interest shall immediately become due and payable without notice or demand, and said principal shall bear interest from such date at the highest legal rate permitted by law, from time to time, to be charged by Lender (or if no such highest legal rate is applicable, at the rate of eighteen percent (18%) per annum); it being agreed that interest not paid when due shall, at the option of the Lender, draw interest at the rate provided for in this paragraph. Failure to exercise the above options shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

**Attorneys' Fees.** All parties liable for the payment of this Note agree to pay the Lender reasonable attorneys' fees and costs, whether or not an action be brought, for the services of counsel employed to enforce the performance of any agreement contained in this Note or in any instrument executed in connection with this loan, including costs and attorneys' fees on appeal, in bankruptcy or post judgment proceedings.

**Lien and Set Off.** The Obligors shall have no right of set off or recoupment against the Lender under this Note or under any instruments securing this Note or executed in connection with the loan evidenced hereby. The Lender is hereby granted a lien upon all funds or property of each Obligor now or at any time hereafter in the possession of the Lender, in any capacity whatsoever, as security for the payment of this Note. The Lender may apply any such funds or property or any portion(s) thereof to the payment of this debt without advance notice at any time subsequent to the maturity of this Note (whether by acceleration or otherwise). The Lender may utilize any order of application of such funds or property as Lender may from time to time elect.

**Florida Law.** This Note shall be construed according to the laws of the State of Florida. It shall be enforceable in a Court of competent jurisdiction in that State, regardless of where this Note is executed.

**Documentary Stamps.** Documentary stamps required by Florida law have been purchased and affixed to the mortgage or security instrument which secures this Note, or otherwise remitted to the proper authorities.

**Waiver of Jury Trial.** THE UNDERSIGNED HEREBY WAIVES ITS RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY ACTION ARISING OUT OF OR IN CONNECTION WITH THIS NOTE.

This Note consists of three (3) pages.

**THIS IS A BALLOON NOTE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $45,000.00 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER TERMS OF THIS MORTGAGE.**

BORROWER: _____

_____
GARY B. WENCE

STATE OF FLORIDA         )
COUNTY OF PINELLAS   )

The foregoing instrument was acknowledged before me this _13th_ day of December, 2010 by GARY B. WENCE. He is personally known to me or has produced _FL drivers license_ as identification.

_____
Print Name: _____
Notary Public for State of Florida (SEAL)
My Commission Expires:



MARC A.B. SILVERMAN
MY COMMISSION # DD 776794
EXPIRES: May 9, 2012
Bonded Thru Notary Public Underwriters

Page 3 of 3

I#: 2010354171 BK: 17219  PG: 73, 12/20/2010 at 10:09 AM, RECORDING 6 PAGES
$52.50   M DOC STAMP COLLECTION: $157.50 INTANGIBLE TAX $90.00 KEN BURKE, CLERK
OF COURT PINELLAS COUNTY, FL BY DEPUTY CLERK: CLKPR03

PREPARED BY & RETURN TO:
Marc A.B. Silverman, Esquire
509 South Martin Luther King Jr. Avenue
Clearwater, FL 33756

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $45,000.00 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER TERMS OF THIS MORTGAGE.**

## MORTGAGE

THIS MORTGAGE is made this 13th day of December, 2010 between the Mortgagor, GARY B. WENCE, a single man, hereinafter referred to as "Borrower"), and the Mortgagee, RANDALL M. SHERMAN, AS TRUSTEE OF THE RANDALL M. SHERMAN REVOCABLE TRUST DATED FEBRUARY 17, 2009, his successors and/or assigns, whose address is 3380 Leprechaun Lane, Palm Harbor, FL 34683 (hereinafter referred to as "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $45,000.00 which indebtedness is evidenced by Borrower's note dated December 13, 2010 and extensions and renewals thereof (hereinafter referred to as "Note"), providing for monthly installments of principal and interest with the balance of the indebtedness, if not sooner paid, due and payable on January 1, 2014.

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage, and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of Pinellas, State of Florida:

Lot 2, Block 10, SHOREACRES CENTER, a subdivision according to the plat thereof recorded in Plat Book 5, Page 93, in the Public Records of Pinellas County, Florida.

Which has the address of 1710 Mississippi Avenue NE, St. Petersburg, FL 33703
(hereinafter referred to as the "Property");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property". Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances set forth above. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances set forth above.

Borrower and Lender covenant and agree as follows:
   1.   **Payment of Principal and Interest.**   Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note.
   2.   **Funds for Taxes and Insurance.** (if applicable).  Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds")

Page 1 of 6


EXHIBIT B

equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

If Borrower pays funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of the taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 16 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. **Prior Mortgage and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any. A default under the terms of any mortgage which has priority over this Mortgage shall be tantamount to a default hereunder.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and

Page 2 of 6

PINELLAS COUNTY FL OFF. REC. BK   17119   PG   75

Lender. Lender may make proof of loss if not made promptly by Borrower.

Lender is authorized to collect and to apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the payment of the sums secured by this Mortgage. Borrower authorizes Lender to endorse Borrower's name on all insurance proceeds checks.

6. **Preservation and Maintenance of Property; Leaseholds, Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect the Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirements for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower, secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Abound; Joint and Several Liability; Co-Signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Loan Charges.** If the loan secured by this Mortgage is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by

Page 3 of 6

PINELLAS COUNTY FL OFF. REC. BK 17119 PG 76

reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

13. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

14. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

15. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest therein is sold or transferred by Borrower (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person or persons but is a corporation, partnership, trust or other legal entity) without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Security Instrument which does not relate to a transfer of rights of occupancy in the property, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Security Instrument to be immediately due and payable.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 13 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 19 hereof.

Lender may consent to a sale or transfer if: (1) Borrower causes to be submitted to Lender information required by Lender to evaluate the transferee as if a new loan were being made to the transferee; (2) Lender reasonably determines that Lender's security will not be impaired and that the risk of a breach of any covenants or agreement in this Security Instrument is acceptable; (3) interest will be payable on the sums secured by this Security Instrument at a rate acceptable to Lender; (4) changes in the terms of the Note and this Security Instrument required by Lender are made, including, for example, periodic adjustment in the interest rate, a different final payment date for the loan, and addition of unpaid interest to principal; and (5) the transferee signs an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreement made in the Note and in this Security Instrument, as modified if required by Lender. To the extent permitted by applicable law, Lender also may charge a reasonable fee as a condition to Lender's consent to any sale or transfer.

Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

17. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the

Page 4 of 6

PINELLAS COUNTY FL OFF. REC. BK 17119 PG 77

Property and any Hazardous Substance or Environmental Law of which the Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 17, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 17, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

18. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to the acceleration under paragraph 19 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 19 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

19. **Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including without limitation the covenants to pay when due any sums secured by this Mortgage, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without notice or demand and may foreclose this Mortgage by judicial proceeding. Lender will be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, court costs, and costs of documentary evidence, abstracts and title reports.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Attorneys' Fees.** As used in this Mortgage and in the Note, "attorneys' fees" shall include attorneys' fees, if any, which may be awarded by an appellate court.

22. **Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS MORTGAGE.

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $45,000.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER TERMS OF THIS MORTGAGE.**

Signed, sealed, and delivered
in the presence of:

Witness #1
Name: MARC A.B. SILVERMAN
(Please print)

Witness #2
Name: _____
(Please print)

GARY B. WENCK
Address: 1710 Mississippi Avenue N.E.
St. Petersburg, FL 33703

Page 5 of 6

PINELLAS COUNTY FL OFF. REC. BK 17119 PG 78

STATE OF FLORIDA
COUNTY OF PINELLAS

I HEREBY CERTIFY that on this day before me, an officer duly qualified to take acknowledgements, personally appeared GARY B. WENCE, personally known to me; or who has produced _FL drivers license_ as identification attesting to the identity of the above individual(s), and who executed the foregoing instrument and acknowledged before me the execution of the same.

WITNESS my hand and official seal in the County and State last aforesaid this 13th day of December, 2010.



Notary Public - Signature
Name: _____
(Please Print)

My commission expires:

Page 6 of 6

UNOFFICIAL

**MARC A.B. SILVERMAN**
ATTORNEY AT LAW
509 S. MARTIN LUTHER KING JR. AVENUE
CLEARWATER, FLORIDA 33756
marc.silverman.esq@verizon.net
TELEPHONE (727) 465-1977    FACSIMILE (727) 465-9593

April 4, 2012

Mr. Gary B. Wence
1710 Mississippi Avenue NE
St. Petersburg, FL 33703-3334

    RE:   Re: Mortgage and Note dated December 15, 2010 in favor of Randall M. Sherman, Trustee of the Randall M. Sherman Revocable Trust dated February 7, 2009 in the original principal sum of $45,000.00

Dear Mr. Wence:

Please be advised that the undersigned is legal counsel for Randall M. Sherman, Trustee and have been retained with respect to the collection of past due amounts due and owing pursuant to the above referenced Mortgage and Mortgage Note.

According to my client's records, a copy of which is enclosed, you have failed to make the monthly mortgage payment due on March 1, 2012 in the sum of $450.00. In addition, you owe late fees for the months of October, 2011, December, 2011 and March, 2011, each in the sum of $45.00. You have also failed to fund the escrow account for taxes and insurance for the month of March, 2011 and there is presently due and owing $187.50 to bring your escrow account current.

You shall have ten (10) days to cure your default by paying all outstanding sums due my client, to wit: $450.00 for the March 1, 2012 mortgage payment, $45.00 for October, 2011 late fee, $45.00 December, 2011 late fee, $45.00 March, 2012 late fee and Escrow shortage of $187.50. In addition to the foregoing amounts, you are obligated to pay current legal fees incurred by my client in the sum of $300.00 as a result of your default and the undersigned's efforts to collect the outstanding sums.

Accordingly, should you fail to pay the total sum currently past due and owning of **$772.50, plus legal fees in the sum of $300.00, together with the April, 2011 which is presently due in the sum of $450.00, and April, 2011 escrow payment of $187.50** within ten (10) days of the date hereof, my client shall elect to accelerate the obligation and the principal sum of $45,000.00, together with all accrued interest shall immediately be due and payable without further notice to you. Said principal shall bear interest from the date of your default at the default interest rate of eighteen percent (18%) per annum until paid.



Page 2.
April 4, 2012

Payment of the foregoing total amount of $1,710.00 together with any additional fees which may come due and payable after the date hereof, must be paid, through this office, in the form of a bank or cashiers' check made payable to "MARC A.B. SILVERMAN, TRUST ACCOUNT".

Govern yourself accordingly.

*[signature]*

Marc A.B. Silverman, Esquire
MABS/lh

SENT TO MR. GARY B. WENCE VIA EMAIL TO: gary.wence@yahoo.com AND BY CERTIFIED MAIL RETURN RECEIPT #70090960000085929251 AND BY REGULAR UNITED STATES FIRST CLASS MAIL.